**FILED**

November 12 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0067

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 387

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

LISA MARIE LEPROWSE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-2008-511
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn M. Hunt, Chief Appellate Defender, Tammy A. Hinderman,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

            Fred R. Van Valkenburg, Missoula County Attorney, Jennifer Clark,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  September 30, 2009

Decided:  November 12, 2009

Filed:

_____
                         Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Lisa Marie Leprowse (Leprowse) appeals from her conviction for misdemeanor driving under the influence of alcohol (DUI), first offense, in the Fourth Judicial District Court. We reverse Leprowse's conviction and remand this matter to the District Court for a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    On May 12, 2008, Leprowse was charged in District Court with assault with a weapon and DUI. The assault charge was later dismissed. The allegations in support of these charges are as follows. On April 27, 2008, dispatch advised officers in Missoula County that someone had pointed a gun at another individual at the Other Place, a bar in Turah, Montana. Dispatch further advised that the suspect left the Other Place westbound on I-90 in a white SUV heading to a trailer park near the Cross Roads Truck Stop. Dispatch advised the officers that the vehicle was being driven by Leprowse.

¶3    Deputy Tillman stopped and processed Leprowse for a DUI. According to the charging documents, Leprowse was cooperative with Deputy Tillman, told the deputy how much she had to drink, and admitted she was intoxicated. Meanwhile, Deputy Schmill went to the Other Place to speak with the victims and witnesses. An individual named Jim Meixner (Meixner) told Deputy Schmill that Leprowse and Stephanie Wahl (Wahl) had been in a physical altercation in the women's bathroom at the Other Place. Meixner stated that he broke up the fight and separated the women. Meixner and Leprowse were subsequently talking outside the bar on the back patio when Leprowse asked Meixner for her hand gun back. Meixner had been keeping Leprowse's hand gun

2

at his house. Pursuant to her request, Meixner went to his house and retrieved the gun and brought it to Leprowse.

¶4 Meixner told officers that Wahl then came "out of nowhere" and knocked both of them to the ground. Leprowse and Wahl then started calling each other names. Meixner helped Leprowse to her vehicle and she drove away. Meixner told officers that Leprowse did not point the gun at anybody during this time.

¶5 Wahl told officers a different story. Wahl claimed that she came out of the bar after her altercation with Leprowse, and saw Meixner and Leprowse kissing on the back patio. When she confronted them, she claimed that Leprowse pulled out her hand gun, pointed it at her head and twice threatened to shoot her. After Leprowse left, Wahl called 911.

¶6 After a bench trial in Justice Court, Leprowse appealed her conviction, seeking a trial de novo in the District Court. At the opening of those proceedings, Leprowse indicated to the District Court her intent to present the affirmative defense of compulsion to the DUI charge. This affirmative defense is codified at § 45-2-212, MCA, which reads as follows:

> A person is not guilty of an offense, other than an offense punishable with death, by reason of conduct which he performs under the compulsion of threat or menace of the imminent infliction of death or serious bodily harm if he reasonably believes that death or serious bodily harm will be inflicted upon him if he does not perform such conduct.

¶7 Leprowse argued that she was entitled to present this defense at trial. The State responded that compulsion was not a defense to a DUI charge and that in any event, Leprowse was not compelled to drive 14 miles away from the bar. The District Court

3

agreed with the State, concluding prior to trial that compulsion was not a defense to the DUI charge. Leprowse then pleaded guilty to the DUI charge in open court, reserving her right to appeal the District Court's ruling to this Court.

¶8     Leprowse now argues that the District Court erred in precluding her from presenting the defense of compulsion to the DUI charge. Leprowse argues she made a sufficient offer of proof to withstand dismissal of this defense prior to trial, and that a rational trier of fact could conclude that the facts in her proffer, if proven, were sufficient to satisfy the elements of the compulsion defense. Accordingly, she asks this Court to reverse her conviction and order a new trial.

¶9     The State urges us to affirm. The State concedes on appeal that the affirmative defense of compulsion is available to a defendant charged with DUI. However, the State nonetheless argues that Leprowse is not entitled to this defense because her offer of proof did not establish the elements of compulsion. The State argues that Leprowse had other options that would have kept her safe and was not required to drive nearly 14 miles from the bar. For instance, the State argues that Leprowse could have attempted to call 911 and report the assault, or could have asked the bar owner to escort her to her vehicle and remained in her car with the doors locked until officers arrived. The State asserts its argument is supported by our decision in *State v. Nelson*, 2001 MT 236, 307 Mont. 34, 36 P.3d 405.

¶10    We state the issue presented by this appeal as follows: *Did the District Court err in precluding Leprowse from presenting the affirmative defense of compulsion to the DUI charge against her?*

4

## STANDARD OF REVIEW

¶11  In a criminal trial, the defendant bears the burden of proving an affirmative defense. *State v. Reynolds*, 2004 MT 364, ¶ 9, 324 Mont. 495, 104 P.3d 1056. A court may determine whether an affirmative defense exists as a matter of law. *Reynolds*, ¶ 9. We review a district court's conclusions of law for correctness. *Reynolds*, ¶ 8. However, if there are conflicting facts regarding the availability of an affirmative defense in a criminal trial, the issue is properly submitted to a jury. *Reynolds*, ¶ 9.

## DISCUSSION

¶12  The affirmative defense of compulsion is a well-recognized basis for finding a person not guilty of a charged offense, even though her conduct appears to fall within the definition of that offense. *See Montana Code Annotated Annotations*, 152 (2008) (*Criminal Law Commission Comments* to § 45-2-212, MCA). In *State v. Owens*, 182 Mont. 338, 597 P.2d 72 (1979), we described the elements of this affirmative defense as follows:

> Under [§ 45-2-212, MCA], for a defendant to avail himself of the defense of compulsion, he must show that: (1) he was *compelled* to perform the offensive conduct (2) by the threat or menace (3) of the *imminent* infliction (4) of *death* or *serious* bodily harm, and that (5) he believed that death or serious bodily harm would be inflicted upon him if he did not perform such conduct, and (6) his belief was reasonable.

*Owens*, 182 Mont. at 347, 597 P.2d at 77 (emphasis in original).

¶13 As is clear from *Owens*, one need not show she had *no* options other than the allegedly compelled action.[1] Rather, the defendant must put forth evidence to satisfy the six elements of the defense set forth above. Leprowse alleged she possessed photographic evidence showing she had been hit in the face, and that she drove away in her car, risking a DUI, because she feared for her personal safety. The State did not dispute that she had been hit in the face, nor indeed that she feared for her safety. Instead, the State's argument against this defense was that her need to get away from the harm "expired" at some point, and that it was not necessary for her to drive 14 miles while intoxicated.

¶14 We hold that the District Court incorrectly concluded prior to trial that Leprowse could not present evidence in support of the affirmative defense of compulsion. Leprowse alleged the required elements for the compulsion defense. She claimed she was compelled to drive away from the bar due to an imminent threat of serious bodily injury, and that her belief was reasonable. Whether Leprowse was actually compelled to drive the distance of 14 miles, and ostensibly commit a DUI, is at its essence a question of fact based on the circumstances.

¶15 Leprowse should be given the opportunity to present evidence which, if accepted by a rational trier of fact, would show that her belief was reasonable and that she was compelled to take the actions that she did. After Leprowse has had an opportunity to

---

[1] In its argument on appeal, the State appears to be confusing the statutorily-defined affirmative defense of compulsion with the common law defense of necessity which we discussed in *Nelson*. *See Nelson*, ¶¶ 14-15. In *Nelson*, we explicitly noted that the affirmative defense of compulsion had not been raised by either party in that case and was not at issue. *Nelson*, ¶ 13. *Nelson* is simply inapplicable to the case at bar.

present such evidence to the jury, whether she is entitled to receive a jury instruction on her affirmative defense may be decided by the District Court based on the record before it. *See State v. Cybulski*, 2009 MT 70, ¶ 36, 349 Mont. 429, 204 P.3d 7. If Leprowse presents sufficient evidence to receive an instruction on compulsion, the credibility and reasonableness of this defense will be decided by the trier of fact. *See Reynolds*, ¶ 9; *State v. Stringer*, 271 Mont. 367, 377, 897 P.2d 1063, 1069 (1995); *Redies v. Attorneys Liability Protection Soc.*, 2007 MT 9, ¶ 35, 335 Mont. 233, 150 P.3d 930. Accordingly, we remand this matter to the District Court for a new trial.

## CONCLUSION

¶16 We reverse Leprowse's conviction for DUI and remand this matter to the District Court for further proceedings consistent with this Opinion.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS