FILED

December 23 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0344

DA 13-0344

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 338N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MICHAEL C. URZICEANU,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 11-375
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Julie Brown, Montana Legal Justice, PLLC, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Pamela P. Collins, Assistant
Attorney General, Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney; Andrew Paul,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  November 19, 2014
Decided:  December 23, 2014

Filed:

                              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      A jury convicted Michael Claude Urziceanu of violating § 45-9-110(4), MCA, which provides that if a person produces more than thirty marijuana plants, then the person shall be imprisoned at least two years and up to life.  The Fourth Judicial District Court sentenced Urziceanu to three years in the Montana State Prison.  Urziceanu appeals.  He argues that the District Court improperly denied him the ability to present a compulsion affirmative defense at trial.  We disagree and affirm.

¶3      In 2011, the State filed an information charging Urziceanu with violating § 45-9-110(4), MCA, by cultivating 336 marijuana plants on top of his van at a campsite in Missoula County.  Urziceanu suffers from chronic neck pain and has had medical marijuana cards in California and Nevada.  Urziceanu elected to represent himself against the State's charges.  On many occasions before and during his trial, Urziceanu professed to the court that he purposely cultivated the marijuana plants in Montana as an attempt to test Montana's marijuana laws.

¶4      Before trial, and in accordance with § 46-15-323(2), MCA, Urziceanu notified the court and the State of his intent to present evidence supporting the affirmative defense of

2

compulsion. In particular, Urziceanu sought to introduce evidence purporting to show how his medical condition compelled him to grow the marijuana plants that formed the basis of the State's charge. After briefing, the District Court issued an order ruling that, as a matter of law, Urziceanu could not present a compulsion defense. The court based its ruling in part on a statutory analysis of the Montana Marijuana Act [MMA]. *See* §§ 50-46-301 through 344, MCA. Although a 2009 version of the MMA specifically allowed defendants charged with possession of marijuana to assert an affirmative defense, the District Court determined that a 2011 amendment removed that provision. Thus, the court held, Urziceanu could not assert the affirmative defense of compulsion at trial. Further, the court determined, as a matter of law, that the quantity of marijuana Urziceanu grew, in combination with his professed purpose of challenging Montana's marijuana laws, rendered his proffered evidence insufficient to support an affirmative defense of compulsion.

¶5 On appeal, Urziceanu argues that the District Court erred in its reading of the MMA. Urziceanu also argues that he proffered sufficient evidence to warrant introducing evidence and instructing the jury on compulsion and that the District Court's ruling to the contrary violated his constitutional right to present a complete defense.

¶6 A court may determine whether a compulsion defense exists as a matter of law. *State v. Leprowse*, 2009 MT 387, ¶¶ 11-12, 353 Mont. 312, 221 P.3d 648. Compulsion requires a defendant to show that:

> (1) he was compelled to perform the offensive conduct (2) by the threat or menace (3) of the imminent infliction (4) of death or serious bodily harm, and that (5) he believed that death or serious bodily harm would be inflicted upon him if he did not perform such conduct, and (6) his belief was reasonable.

*State v. Owens*, 182 Mont. 338, 347, 597 P.2d 72, 77 (1979) (emphasis removed).

¶7 Urziceanu claims that he was compelled to grow 336 marijuana plants because he suffers from a chronic and severe injury and that marijuana is the only medication that controls his pain. But Urziceanu also consistently admitted before and during trial that he intentionally grew marijuana in Montana in an attempt to change the law in this state. By his own account, the threat of imminent death or bodily injury did not compel Urziceanu to grow the 336 marijuana plants that he was charged with growing. Urziceanu cannot be heard to claim that he was compelled to grow marijuana in Montana while at the same time admitting that he chose to grow marijuana in Montana as a litigation strategy. *See City of Helena v. Lewis*, 260 Mont. 421, 429, 860 P.2d 698, 703 (1993) (holding that while defendants "are entitled to hold and act upon their personal beliefs," those personal beliefs do not afford "immunity from the law."). The District Court observed that Urziceanu could have addressed his medical needs in California, but chose to move to Montana for the avowed purpose of promoting his activism.

¶8 We conclude that Urziceanu did not proffer facts that could prove compulsion. While Urziceanu notes that he has a constitutional right to present a complete defense, "[w]here there is no evidence in the record supporting each element of the [compulsion] defense, the court may properly refuse to instruct the jury on the defense." *Owens*, 182

Mont. at 347, 597 P.2d at 77 (emphasis removed) (citation omitted). The evidence that Urziceanu introduced and sought to introduce at trial could not establish the basis for a reasonable juror to conclude that he faced the threat of imminent death or bodily injury if he did not grow marijuana in Montana. The District Court properly concluded as a matter of law that there was insufficient evidence to support a compulsion defense. As this conclusion resolves the appeal, we do not reach Urziceanu's argument regarding the availability of a compulsion defense under the MMA.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's judgment is affirmed.


                                        /S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT